IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 2:18-cr-00201

CARLA REMY

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Carla Remy's pro se letter-form Motion for Compassionate Release. [ECF No. 64]. For the reasons that follow, the motion is **DENIED**.

I. Background

On January 22, 2019, Carla Remy pleaded guilty before this court to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and aiding and abetting the possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. [ECF No. 37]. On April 18, 2019, I sentenced Ms. Remy to a term of 87 months imprisonment followed by three years of supervised release. [ECF No. 45]. She is currently serving her sentence of imprisonment at the Federal Prison Camp Alderson ("FCP Alderson") in Alderson, West Virginia. As of July 7, 2020, FPC Alderson had no confirmed positive COVID-19 cases among inmates.

Ms. Remy now asks the court for compassionate release because of her underlying medical conditions and the current public health crisis caused by COVID-19. [ECF No. 64].

## II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Ms. Remy's sentence under compassionate release, I must find that Ms. Remy has exhausted her administrative remedies or waited 30 days from petitioning the Warden, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that her release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018).

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate

release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Ms. Remy requested compassionate release from the Warden of FCP Alderson on May 13, 2020. On May 20, 2020, the Warden at FCP Alderson issued a formal rejection of her request. Because 30 days has elapsed since the Warden's receipt of Ms. Remy's request, I find Ms. Remy can petition the court for compassionate release pursuant to the statute.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion or waited 30 days since making a request to the Warden, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United*

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination

*States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts have found "extraordinary and compelling" reasons "supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19."[2] *See e.g., Bass*, 2020 WL 2831851, at *7 (collecting cases).

Here, Ms. Remy argues she satisfies "extraordinary and compelling reasons" for compassionate release because she suffers from asthma and obesity. In addition, she argues that FCP Alderson is ill equipped to properly respond to a COVID-19 outbreak because of the inability for inmates to socially distance or have access to fresh air. The Government asserts that the medical unit concluded that Ms. Remy "has not been diagnosed nor is she being treated for asthma and that she denied respiratory problems at intake." Gov't. Resp. [ECF No. 66] 6. The Government also moves that compassionate release should be denied because "as of July 7, 2020, FPC Alderson had no confirmed positive COVID-19 cases among inmates." *Id.* at 7.

I find that Ms. Remy has not demonstrated extraordinary and compelling

---

made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

[2] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.[2] Thus, courts have taken this to mean that "there does not currently exist, for purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *See e.g., United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Brant*, No. 218CR20155TGBMKM1, 2020 WL 2850034, at *4 (E.D. Mich. June 2, 2020); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *3 (C.D. Ill. May 15, 2020).

reasons to grant compassionate release. Ms. Remy has not demonstrated that any cases of COVID-19 exist at FCP Alderson. Simply a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, I **DENY** her petition for compassionate release.

### III. Conclusion

Defendant's Motion for Compassionate Release, [ECF No. 64], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 9, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE